1  Daniel A. Small (*pro hac vice*)
   COHEN MILSTEIN SELLERS & TOLL PLLC
2  1100 New York Ave. NW, Suite 500
   Washington, DC 20005
3  Telephone: (202) 408-4600
   Facsimile: (202) 408-4699
4  dsmall@cohenmilstein.com

5  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  1918 Eighth Avenue, Suite 3300
   Seattle, WA 98101
7  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
8  steve@hbsslaw.com

9  Marc M. Seltzer
   SUSMAN GODFREY L.L.P
10 1901 Avenue of the Stars, Suite 950
   Los Angeles, CA 90067-6029
11 Telephone: (310) 789-3100
   Facsimile: (310) 789-3150
12 mseltzer@susmangodfrey.com

13 [Additional Counsel on Sig. Page]

14 *Interim Co-Lead Class Counsel*

**GRANTED**
*[signature]*
Judge Paul S. Grewal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Master Docket No. 14-CV-4062-LHK |
| | STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

STIPULATION RE EXPERT DISCOVERY - 1
Master Docket No. 14-CV-4062-LHK

3503129v1/014501

The parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery and testimony in this matter.

1. No party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. However, this Stipulation and Order shall not be construed to preclude reasonable questions at an expert's deposition regarding an expert's hourly rate and that of the expert's staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work and the amount of money billed for the report and associated work.

2. For the purposes of expert discovery in this matter, the term "considered" as used in Federal Rules of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon." Material considered by a testifying expert, but not relied upon, need not be disclosed.

3. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in electronic or machine readable format, including any data <u>relied upon by the expert</u> that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. The parties also shall produce any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by any testifying expert that is based on the output from any computer programs that are produced. All documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (e.g., Microsoft Word, Excel). If data relied upon by an expert witness is derived from electronic data produced by any party or third party to this litigation, the party shall produce (a) the original unmodified data set relied upon by the expert (if not previously produced);

3503129v1/014501

(b) the adjusted data set, reflecting any modifications, clean up or other changes to the original data set made by the expert; and (c) any code used to perform any such modification, clean up or other change.

  4. All electronic data, together with programs and instructions, shall be made available within three (3) days of the disclosure of the expert witness's report to all parties. Copies of the electronic data together with any programs and instructions, and all other materials required to be produced, shall be delivered by hand, overnight express, or electronic means (e.g., FTP) to counsel designated by each party.

  5. The following categories of documents or electronically stored information ("ESI") need not be preserved or disclosed by any party or their experts and are outside the scope of permissible discovery (including deposition questions):

    a. Intermediate drafts of reports, studies, or work papers (including intermediate calculations, computations or data runs) and other intermediate draft materials prepared by, for, or at the direction of an expert witness or a non-testifying expert or consultant unless the testifying expert witness has relied upon those drafts in connection with the expert witness' opinions in this matter;

    b. Any oral, written or other communication between or among expert witnesses, non-testifying experts or consultants, their staff, assistants, colleagues or associates, or one or more attorneys (or their staff) for the party or parties offering the testimony of the expert witness, unless the testifying expert witness is relying upon such communications in connection with the expert witness' opinions in this matter; and

    c. Any notes, ESI or other writings taken or prepared by or for a testifying expert witness or non-testifying expert or consultant in connection with this matter,

including without limitation correspondence, e-mails or memoranda to or from, and notes of conversations with, the expert's staff, assistants, colleagues or associates, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of the expert witness, unless the testifying expert witness is relying upon such notes, ESI or other writings in connection with the expert witness' opinions in this matter.

6. Nothing in this stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion in this matter.

7. Neither the terms of this Stipulation and Order nor the parties' agreement to them implies that any of the information restricted from discovery through the Stipulation and Order would otherwise be discoverable.

8. Any party may move the Court to modify this Stipulation and Order upon good cause shown.

9. The parties agree to comply with this Stipulation and Order pending the Court's approval.

IT IS HEREBY STIPULATED

DATED: January 27, 2015                    HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Jeff D. Friedman*
       JEFF D. FRIEDMAN

Shana E. Scarlett
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

STIPULATION RE EXPERT DISCOVERY  - 4
Master Docket No. 14-CV-4062-LHK

3503129v1/014501

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | Steve W. Berman (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | 1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101 |
| 4 | | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 |
| 5 | | steve@hbsslaw.com |
| 6 | DATED: January 27, 2015 | *Interim Co-Lead Class Counsel*<br>SUSMAN GODFREY L.L.P. |
| 7 | | |
| 8 | | By ___*/s/ Steven G. Sklaver*___<br>     STEVEN G. SKLAVER |
| 9 | | Marc M. Seltzer |
| 10 | | 1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029 |
| 11 | | Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150 |
| 12 | | ssklaver@susmangodfrey.com<br>mseltzer@susmangodfrey.com |
| 13 | | Matthew R. Berry (*pro hac vice*) |
| 14 | | John E. Schiltz (*pro hac vice*)<br>SUSMAN GODFREY L.L.P. |
| 15 | | 1201 Third Avenue, Suite 3800<br>Seattle, WA 98101 |
| 16 | | Telephone: (206) 516-3880<br>Facsimile: (206) 516-3883 |
| 17 | | |
| 18 | | *Interim Co-Lead Class Counsel* |
| 19 | DATED: January 27, 2015 | COHEN MILSTEIN SELLERS &<br>TOLL PLLC |
| 20 | | By ___*/s/ Daniel A. Small*___ |
| 21 | |     DANIEL A. SMALL |
| 22 | | Brent W. Johnson (*pro hac vice*)<br>Jeffrey B. Dubner (*pro hac vice*) |
| 23 | | 1100 New York Ave. NW, Suite 500<br>Washington, DC 20005 |
| 24 | | Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |
| 25 | | dsmall@cohenmilstein.com<br>bjohnson@cohenmilstein.com |
| 26 | | jdubner@cohenmilstein.com |
| 27 | | *Interim Co-Lead Class Counsel* |
| 28 | | |

3503129v1/014501

| | | |
|---|---|---|
| 1 | DATED: January 27, 2015 | COVINGTON & BURLING LLP |
| 2 | | By  /s/ Emily Johnson Henn |
| | |    EMILY JOHNSON HENN |
| 3 | | |
| 4 | | 333 Twin Dolphin Drive, Suite 700 |
| | | Redwood Shores, CA 94061 |
| 5 | | Telephone: (650) 632-4700 |
| | | Facsimile: (650) 632-4800 |
| 6 | | ehenn@cov.com |
| 7 | | *Counsel for Defendants Lucasfilm Ltd., LLC, Pixar, The Walt Disney Company, and Two Pic MC LLC* |
| 8 | | |
| 9 | DATED: January 27, 2015 | GIBSON DUNN & CRUTCHER LLP |
| 10 | | By     /s/ Rod J. Stone |
| | |    ROD J. STONE |
| 11 | | |
| 12 | | 333 South Grand Avenue |
| | | Los Angeles, CA 90071-3197 |
| 13 | | Telephone: (213) 229-7000 |
| | | Facsimile: (213) 229-7520 |
| 14 | | rstone@gibsondunn.com |
| 15 | | *Counsel for Defendant DreamWorks Animation SKG, Inc.* |
| 16 | DATED: January 27, 2015 | ORRICK HERRINGTON & SUTCLIFFE LLP |
| 17 | | By  /s/ Stephen V. Bomse |
| 18 | |    STEPHEN V. BOMSE |
| 19 | | David M. Goldstein |
| | | 405 Howard Street |
| 20 | | San Francisco, CA 94105-2669 |
| | | Telephone: (415) 773-5700 |
| 21 | | Facsimile: (415) 773-5759 |
| | | sbomse@orrick.com |
| 22 | | dgoldstein@orrick.com |
| 23 | | |
| 24 | | *Counsel for Defendants Sony Pictures Animation Inc. and Sony Pictures Imageworks Inc.* |
| 25 | | WILLIAMS & CONNOLLY LLP |
| 26 | DATED: January 27, 2015 | |
| | | By     /s/ Jonathan Bradley Pitt |
| 27 | |    JONATHAN BRADLEY PITT |
| 28 | | 725 Twelfth Street, NW |

3503129v1/014501

Washington, DC 20005  
Telephone: (202) 434-5000  
Facsimile: (202) 434-5029  
jpitt@wc.com

*Counsel for Defendant Blue Sky Studios, Inc.*

## **SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

DATED: January 27, 2015                    /s/ *Steven G. Sklaver*

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of King, State of Washington. I am over the age of 18 and not a party to the within action; my business address is 1201 Third Avenue, Suite 3800, Seattle, Washington, 98101.

On January 27, 2015, I served the foregoing document(s) described as follows:

**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

**See attached Service List**

____ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Seattle Washington in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

____ BY FAX
I served by facsimile as indicated on the attached service list.

__XX__ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on January 27, 2015, at Seattle, Washington

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Jami Grounds
(Type or Print Name)                              (Signature)

# SERVICE LIST

*In re High-Tech Employee Antitrust Litigation*, No. 11-cv-2509
All parties in *In re High-Tech*, served via ECF

| Defendants in the *Cano v. Pixar, et al.*, Case No. 14-cv-04203 served via U.S. Mail ||
|---|---|
| PIXAR<br>1200 Park Avenue<br>Emeryville, California 94608 | DREAMWORKS ANIMATION SKG, INC.<br>1000 Flower Street<br>Glendale, CA 91201 |
| LUCASFILM LTD<br>1110 Gorgas Avenue<br>San Francisco, California 94129 | THE WALT DISNEY COMPANY<br>500 South Buena Vista Street<br>Burbank, California 91505 |
| DIGITAL DOMAIN 3.0, INC.<br>300 Rose Avenue<br>Venice, CA 90291 | IMAGEMOVERS, LLC<br>1880 Century Park East, Suite 1600<br>Los Angeles, CA 90067 |
| IMAGEMOVERS DIGITAL<br>P.O. Box 10428<br>San Rafael, California 94912 | SONY PICTURES ANIMATION, INC.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 |
| SONY PICTURES IMAGEWORKS, INC.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 | BLUE SKY STUDIOS, INC<br>10201 W. Pico Blvd.<br>Los Angeles, CA 90035 |

*Nitsch v. DreamWorks Animation SKG, Inc., et al.*, Case No. 3:14-cv 04062
Attorneys for Representative Plaintiff Robert A. Nitsch, Jr. served via email

| | |
|---|---|
| Daniel A. Small<br>Brent W. Johnson<br>Jeffrey B. Dubner<br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>1100 New York Avenue NW, Suite 500<br>Washington, DC 20005<br>Tel.: (202) 408-4600<br>Email: kpierson@cohenmilstein.com<br>bjohnson@cohenmilstein.com<br>jdubner@cohenmilstein.com | George Farah<br>Matthew Ruan<br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>88 Pine Street<br>14th Floor<br>New York, NY 10005<br>Tel.: (212) 838-7797<br>Email: gfarah@cohenmilstein.com<br>mruan@cohenmilstein.com |
| Bruce Spiva<br>THE SPIVA LAW FIRM PLLC<br>1776 Massachusetts Avenue NW<br>Suite 601<br>Washington, DC 20036<br>Tel.: (202) 785-0601<br>Email: bspiva@spivafirm.com | Richard L. Grossman<br>PILLSBURY & COLEMAN LLP<br>600 Montgomery Street<br>Suite 3100<br>San Francisco, CA 94111<br>Tel.: (415) 433-8000<br>Email: rgrossman@pillsburycoleman.com |