Stephen M. Rummage (admitted *pro hac vice*)
*steverummage@dwt.com*
Robert J. Maguire (admitted *pro hac vice*)
*robmaguire@dwt.com*
Candice M. Tewell (admitted *pro hac vice*)
*candicetewell@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone:     (206) 622-3150
Facsimile:     (206) 757-7700

Allison A. Davis (CA State Bar No. 139203)
*allisondavis@dwt.com*
Sanjay M. Nangia (CA State Bar No. 264986)
*sanjaynangia@dwt.com*
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599

Attorneys for Microsoft Corporation

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DESERAE RYAN, and TRENT RAU, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>            Defendant. | Case No. 5:14-cv-04634-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC Date:    May 13, 2015<br>Time:             2:00 p.m.<br>Courtroom:   8, 4th Floor<br>Judge:           The Honorable Lucy H. Koh |

DAVIS WRIGHT TREMAINE LLP

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, and in advance of the Case Management Conference set by the Court for Wednesday, May 13, 2015, at 2:00 p.m., plaintiffs Deserae Ryan and Trent Rau ("Plaintiff") and defendant Microsoft Corporation ("Microsoft" or "Defendant") submit this Joint Case Management Statement.

## I.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action under 15 U.S.C. §§ 4 and 16, and 28 U.S.C. §§ 1331 and 1337.  The Court denied Microsoft's motion to transfer the matter to the Western District of Washington on April 10, 2015.  In the same order, the Court granted Microsoft's motion to dismiss but gave Plaintiffs thirty (30) days within which to amend.

No parties remain to be served.

## II.    FACTS

### A.    Plaintiffs' Statement

This is a class action that has been deemed related to the consolidated class action in *In re High-Tech Employee Antitrust Litigation,* case number 11-cv-2509-LHK.  Plaintiffs, Deserae Ryan and Trent Rau ("Plaintiffs"), challenge a conspiracy between defendant Microsoft Corporation, a Washington corporation ("Defendant" or "Microsoft"), and other high-tech companies including Google, the intent and effect of which was to restrict hiring of each other's employees, thereby suppressing the wages of their respective employees.  Specifically, the Complaint alleges,[1] *inter alia,* that Microsoft and Google entered into a Restricted Hiring Agreement under which Microsoft, Google, and the other technology companies who were a party to the Restricted Hiring Agreement agreed to the following:

1) "Not to directly cold call into [those] companies [or their respective subsidiaries]."

¶28; and

---

[1] The Court granted Microsoft's motion to dismiss the complaint under Rule 12(b)(6) on April 10, 2015, and granted Plaintiffs leave to amend. The Amended Complaint is due to be filed by May 22, 2015, per Court order dated April 30, 2015. (Dkt. 57) Because the amended complaint is not on file with the Court yet, Plaintiffs refer herein to the allegations of the original complaint, although it is not operative.

-1-

1       2) "Not to pursue manager level and above candidates for Product, Sales, or G&A roles –

2           even if they have applied to [any of the other parties to the Anti-Solicitation

3           Agreement.]" ¶36.

4 The Complaint further alleges that senior executives at Microsoft reached this Restricted Hiring

5 Agreement through direct, indirect, and explicit communications, and that the executives actively

6 managed and enforced the Restricted Hiring Agreement through direct and indirect

7 communications.  ¶37.

8       This action follows an investigation by the Antitrust Division of the United States

9 Department of Justice ("DOJ"), during which the DOJ issued Civil Investigative Demands to

10 Defendant requesting Defendant to produce responsive records.  No employees of Microsoft have

11 ever been compensated for their damages as a result of Microsoft's anticompetitive agreement

12 with Google and others to affirmatively restrict the hiring of manager-level and above candidates

13 pursuant to its Restrict Hiring Agreement.  This class action seeks to compensate those employees

14 Defendant harmed through its illegal agreements.  To date, there are no other known actions

15 against Microsoft for its alleged involvement in the anticompetitive Restrictive Hiring Agreement

16 that is similar in nature and effect to the "do not cold call" agreement being litigated in the *In Re*

17 *High-Tech* litigation.  Without this class action, Plaintiffs and the Class will not receive

18 compensation for their injuries, and Defendant and other high-tech companies will continue to

19 retain the benefit of their unlawful collusion.

20       Microsoft's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) was

21 granted on April 10, 2015.  (Dkt. 53)  The Court granted Plaintiffs leave to amend, which

22 amended complaint must be filed by May 22, 2015.  (Dkt. 57)

23       **B.**    **Defendant's Statement**

24       Ryan and Rau relegate to a footnote the Court's Order dismissing their Complaint on April

25 10, 2015.  In dismissing, the Court noted "the complaint's conspicuous absence of specific factual

26 allegations regarding Microsoft's alleged conduct before, during, or after the limitations period,

27 with the exception of the two allegations that Microsoft entered into the anti-solicitation and

28 restricted hiring agreements in May 2007."  Order Denying Motion to Transfer; Granting Motion

JOINT CASE MANAGEMENT STATEMENT
*Ryan v. Microsoft Corp.*, Case No. 5:14-cv-04634-LHK
DWT 26775346v3 0025936-002211

DAVIS WRIGHT TREMAINE LLP

to Dismiss [Dkt. 53] at 24.  In fact, Microsoft believes Ryan and Rau *cannot*, consistent with Rule 11, allege facts supporting the alleged conspiracy described in the now-dismissed Complaint.  For that reason, Ryan and Rau should refrain from re-pleading before the May 22, 2015, deadline for their Amended Complaint.  If they do re-plead, Microsoft expects it will again move to dismiss.

Microsoft will not repeat the points it made in the initial Case Management Statement, filed with the Court on February 4, 2015 [Dkt. 44], except to emphasize that the deficiencies in Ryan and Rau's Complaint go far beyond their inability "to adequately allege an applicable exception or tolling doctrine" sufficient to bring them outside the facially applicable limitations periods.  *See* Order Denying Motion to Transfer; Granting Motion to Dismiss [Dkt. 53] at 31.  Ryan and Rau make passing mentions of Google, but otherwise do not say with whom Microsoft supposedly agreed to limit hiring.  (Indeed, that deficiency continues even in the summary of the case set forth above, nearly a month after the Court dismissed the Complaint.)  They do not identify the people who negotiated the alleged agreements (for Microsoft or anyone else), the place of negotiation, or the manner of enforcing the alleged agreements.  In sum, Ryan and Rau vaguely allege Microsoft's participation in a hypothetical conspiracy involving unidentified companies at an unspecified time through unnamed individuals.  They do nothing more than that.

Re-pleading cannot rectify the deficiencies identified by the Court in dismissing the case— or the additional deficiencies identified in Microsoft's Motion to Dismiss, which the Court did not have occasion to consider.

### III. PRINCIPAL FACTUAL ISSUES IN DISPUTE

#### A. Plaintiffs' Statement

Plaintiffs' position is that the following are the principal factual issues in dispute:

    **a.** Was Microsoft's agreement(s) with Google and other high-tech competitors anticompetitive, or did it unreasonably restrain employees' professional mobility, or did it constitute an unlawful restraint on competition, or did it constitute an unlawful business practice?

-3-

DAVIS WRIGHT TREMAINE LLP

>    **b.**   What damages are owed to Plaintiffs and the putative class as a result of Defendant's alleged violation of the Sherman Act, Cartwright Act, and other statutes, via its "Restricted Hiring Agreement" with Google and others?

**B.   Defendant's Statement**

The following are the principal (but not the only) factual issues in dispute:

a.   Whether Microsoft entered into a restrictive hiring agreement with Google, the only other contracting party identified in the Complaint, during the limitations period that unreasonably restrained trade under Section 1 of the Sherman Act.

b.   Whether Ryan and Rau suffered any injury as a result of any agreement between Microsoft and Google that unreasonably restrained trade, and if so, the amount of any such injury.

### IV.   LEGAL ISSUES

**A.   Plaintiffs' Statement**

Plaintiffs assert that the primary legal issues in this case are:

>    **1.**   Did the "Restricted Hiring Agreement" entered into by Microsoft, Google and others, and memorialized by Google, violate the Sherman Act?
>
>    **2.**   Did the "Restricted Hiring Agreement" entered into by Microsoft, Google and others, and memorialized by Google, violate the Cartwright Act?
>
>    **3.**   Did the "Restricted Hiring Agreement" entered into by Microsoft, Google and others, and memorialized by Google, violate California Business and Professions Code sections 16600 and 17200 *et seq.*?

**B.   Defendant's Statement**

The legal issues in the case include the principal issue the Court identified in dismissing Ryan and Rau's Complaint on April 10, 2015, i.e., whether Ryan and Rau can adequately allege an applicable exception, such as a continuing violation, or tolling doctrine sufficient to bring them

-4-

1  outside the facially applicable limitations periods.  Ryan and Rau have an opportunity to re-plead
2  to address this issue.
3        In addition, Microsoft believes this case raises the following legal issues:
4        1.     Whether Ryan and Rau's Complaint states a claim under the Sherman Act, the
5  Cartwright Act, and California Business & Professions Code §§ 17200 et seq. (the "UCL"), and
6  California Business & Professions Code § 16600.  If Ryan and Rau elect to re-plead, Microsoft
7  will contend the Court should enter judgment on each of Ryan and Rau's claims because:
8        (a)     Ryan and Rau cannot allege sufficient evidentiary facts concerning the existence of
9  an agreement to state their federal and state antitrust claims;
10       (b)     Ryan and Rau cannot allege facts sufficient to bring them within the California
11 statutes they invoke, i.e., the Cartwright Act, the UCL, and §16600, since Microsoft is a
12 Washington corporation based in Washington and they (like the vast majority of other Microsoft
13 employees) worked for Microsoft only in Washington;
14       (c)     Ryan and Rau cannot state a claim under the UCL because the UCL does not afford
15 the monetary relief Ryan and Rau seek; and
16       (d)     Ryan and Rau, as former Microsoft employees, lack Article III standing to seek
17 injunctive or declaratory relief, either under the UCL or under § 16600.
18       2.     Whether Ryan and Rau can seek certification of and represent a proposed class,
19 which they broadly define as follows:
20       (a)     All persons who worked at any time from May 10, 2007 to the present for
21 Microsoft in the United States ("Do Not Cold Call Class").
22       (b)     All persons who worked at any time from May 10, 2007 to the present for
23 Microsoft in the United States in any manager level or above positions, for Product, Sales, or
24 General and Administrative roles, excluding engineers. ("Restrictive Hiring Class").
25       Microsoft will oppose any motion by Ryan and/or Ray to certify a class.
26       3.     If any of Ryan and Rau's claims survive the pleading stage, Microsoft anticipates
27 moving for summary judgment, which may raise additional legal issues, including whether Ryan
28 and Rau's antitrust claims should be evaluated under a "rule of reason" analysis.

-5-

DAVIS WRIGHT TREMAINE LLP

### V.     MOTIONS

**A.     Plaintiffs' Statement**

Plaintiffs will bring a motion for class certification. (See section IX below.)

**B.     Defendant's Statement**

If Ryan and Rau file an Amended Complaint on or before May 22, 2015, Microsoft expects it will move under Federal Rule of Civil Procedure 12(b)(6) for dismissal of Ryan and Rau's complaint for failure to state a claim. If Ryan and Rau's Amended Complaint survives a further motion to dismiss, Microsoft expects it will, at an appropriate time, move for summary judgment.

### VI.     AMENDMENT OF PLEADINGS

Plaintiffs are currently undertaking investigation of facts through discovery to respond to the Court's concerns mentioned in its April 10, 2015 Order granting Microsoft's Motion to Dismiss. Plaintiff's Amended Complaint is due by May 22, 2015.

Per the Court's Case Management Order dated February 11, 2015 (Dkt. 46), the deadline to move to add parties expired on April 13, 2015.

### VII.     EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties confirm they have met and conferred regarding the preservation of ESI.

### VIII.     DISCLOSURES

The Parties have made their initial disclosures. The Parties are currently engaged in discovery.

### IX.     DISCOVERY

The parties have filed a stipulated protective order, which the Court entered on April 28, 2015. (Dkt. 55) Microsoft expects to propose stipulations regarding the confidentiality of expert communications and the production of electronically stored information.

JOINT CASE MANAGEMENT STATEMENT
*Ryan v. Microsoft Corp.*, Case No. 5:14-cv-04634-LHK
DWT 26775346v3 0025936-002211

### A. Commencement of Discovery

#### 1. Plaintiffs' Statement

Plaintiffs have propounded requests for production of documents. Some of the document requests have been responded to. Others are the subject of meet and confer efforts. Plaintiffs have also issued third party subpoenas for the production of documents. Plaintiffs are meeting and conferring with these third parties to obtain responsive documents.

#### 2. Defendants' Statement

Microsoft has provided Ryan and Rau with the documents it produced to the United States Department of Justice in 2009, as well as certain documents Ryan and Rau requested concerning their personal employment histories. Microsoft believes Ryan and Rau should be entitled to only limited discovery until the Court has determined whether they can state a claim, but Microsoft's responses to Ryan and Rau's document requests are not yet due, and the parties therefore have not yet had an opportunity to discuss the scope of further discovery, if any.

Ryan and Rau currently have no operative complaint against which the parties (or the Court) could measure the relevance of any discovery request. Further, leaving aside that Ryan and Rau have not yet stated a claim on which they might be entitled to discovery, they have no need of discovery to ascertain whether they can re-plead in a manner sufficient to address the reasons for the Court's dismissal of their Complaint. As the Supreme Court has explained: "It is no answer to say" that the Court may weed out meritless claims after discovery; rather, "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery" in meritless cases. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). That policy counsels against extensive discovery from Microsoft until the Court determines whether Ryan and Rau have stated a claim.

### X. CLASS ACTIONS

### A. Plaintiffs' Statement

Subject to completing discovery and any resulting need to modify or refine the class definition, Plaintiff proposes that the following class be certified under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

JOINT CASE MANAGEMENT STATEMENT
*Ryan v. Microsoft Corp.*, Case No. 5:14-cv-04634-LHK
DWT 26775346v3 0025936-002211

1. All persons who worked at any time from May 10, 2007 to the present for MICROSOFT in the United States.  ("Do Not Cold Call Class.")

2. All persons who worked at any time from May 10, 2007 to the present for MICROSOFT in the United States in any manager level or above positions, for Produce, Sales, or General and Administrative roles, excluding engineers.  ("Restricted Hiring Class.")

Plaintiff will file a motion for class certification as soon as practicable following the completion of sufficient discovery, which will commence after the Court's disposition of the pending motions to transfer and dismiss.  Although it was not included in the Court's Case Management Order dated February 11, 2015, the parties and the Court discussed class certification briefing dates at the Case Management Conference on February 11, 2015.  Presently, the motion for class certification is scheduled to be filed by November 24, 2015.  Microsoft's opposition is due January 14, 2016, and Plaintiffs' reply is due February 11, 2016.  The hearing is scheduled for March 3, 2016.

### B. Defendant's Statement

Microsoft will oppose any motion for class certification, as Ryan and Rau cannot maintain a class action under Federal Rule of Civil Procedure 23.

Microsoft agrees that Ryan and Rau have accurately set forth the dates discussed at the initial Case Management Conference for briefing and argument on Ryan and Rau's class certification motion, should one be filed.  Microsoft believes those dates may need to be adjusted, assuming the Court denies Microsoft's motion to dismiss any Amended Complaint, depending on the date of disposition of any motion to dismiss.

## XI.  RELATED CASES

On November 19, 2014, the Court granted Plaintiffs' Administrative Motion to Consider Whether Case Should be Related to *In re: High-Tech Employee Antitrust Litigation* (Master Docket No. 11-CV-2509-LHK).

## XII.  RELIEF

Plaintiffs, on behalf of themselves and the Class, seek damages to the maximum extent authorized by applicable federal and California law, including treble damages, rescission, and

restitution as authorized by law and according to proof at trial. Plaintiff also seeks injunctive relief and declaratory relief and attorneys' fees and costs.

Microsoft believes the Court should dismiss Ryan and Rau's claims, assuming they elect to re-plead. In any event, without regard to disposition of that motion, Microsoft denies Ryan and Rau are entitled to any relief.

## XIII. SETTLEMENT AND ADR

Plaintiffs believe mediation should occur within 180 days after Plaintiffs' Amended Complaint is deemed operative. Microsoft may move to dismiss the First Amended Complaint. Plaintiffs will require more than 90 days to develop the record to determine the scope of the harm and potential damages to reach a meaningful and fair and adequate settlement.

Microsoft believes mediation should occur within 90 days after the Court rules on Ryan and Rau's anticipated Motion for Class Certification.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings in this case.

## XV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XVI. NARROWING ISSUES

### A. Plaintiffs' Statement

Pending completion of discovery, Plaintiffs will be able to support the facts pleaded in the Complaint. Plaintiffs contend that Defendant's agreement(s) were per se illegal; thus Plaintiffs will be able to efficiently certify the class and establish liability once Defendant identifies its percipient witnesses and persons most qualified, and produces the relevant documents.

### B. Defendant's Statement

Microsoft believes the most immediate issue in the case is whether Ryan and Rau can state a claim for relief, in light of the statute of limitations issues identified in the Court's order dismissing the Complaint, as well as the substantive issues identified in Microsoft's first Motion to

-9-

Dismiss, which the Court did not have occasion to address in its order. It would be premature to discuss narrowing issues in the case until Ryan and Rau file a pleading that survives a threshold motion to dismiss. In any event, Microsoft will oppose any motion for class certification.

## XVII.  EXPEDITED TRIAL PROCEDURE

The Parties do not believe the case can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A, and do not believe that this case can proceed to trial within 150 days.

## XVIII.  SCHEDULING

The Court entered the following dates in its Case Management Order dated February 11, 2015 (Dkt. 46):

| Event | Date |
| --- | --- |
| Expert Opening Report: | July 8, 2016 |
| Expert Rebuttal Report: | August 5, 2016 |
| Close of Expert Discovery: | August 19, 2016 |
| Motion for Summary Judgment or Summary Adjudication: | September 2, 2016 |
| Opposition to Motion for Summary Judgment: | September 30, 2016 |
| Reply to Motion for Summary Judgment: | October 17, 2016 |
| Hearing of Dispositive Motions: | November 3, 2016 |
| Pretrial Conference: | February 2, 2017 |
| Trial: | February 27, 2017 |

## XIX.   TRIAL

The Court scheduled the trial for 10 days in its Case Management Order dated February 11, 2015.  (Dkt. 46)

-10-

### XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed "Certification of Interested Entities or Persons" to the extent required by Civil Local Rule 3-16. Other than the named parties, there are no entities known by the parties to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### XXI. PROFESSIONAL CONDUCT

Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: May 6, 2015.   DAVIS WRIGHT TREMAINE LLP

By:  */s/ Stephen M. Rummage*

Stephen M. Rummage (admitted *pro hac vice*)
Robert J. Maguire (admitted *pro hac vice*)
Candice M. Tewell (admitted *pro hac vice*)
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Allison A. Davis (CA State Bar No. 139203)
Sanjay M. Nangia (CA State Bar No. 264986)
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

*Counsel for Defendant Microsoft Corporation*

DATED: May 6, 2015   THE MARKHAM LAW FIRM

By: */s/ Janine R. Menhennet*
Janine R. Menhennet
jmenhennet@markham-law.com

*Counsel for Plaintiffs Deserae Ryan and Trent Rau*