UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESERAE RYAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br>        Defendant. | Case No. 14-cv-04634-LHK<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 60 |

Before the Court is Plaintiffs' motion to file portions of their First Amended Complaint under the seal. ECF No. 60. Defendant Microsoft filed a response. ECF No. 63.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447

F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

As other courts in this District have concluded, the Court finds that "a request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard." *In re NVIDIA Corp. Deriv. Litig.*, No. 06-6110-SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *see also In re Google Inc. Gmail Litig.*, No. 13-MD-2430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013). The Court therefore applies the "compelling reasons" standard to Plaintiffs' request.

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

2
Case No.14-cv-04634-LHK
ORDER DENYING MOTION TO SEAL

trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

Here, the Court DENIES without prejudice Plaintiffs' motion to seal. ECF No. 60. Applying the "compelling reasons" standard, the Court finds that Plaintiffs have not stated compelling reasons to seal portions of the First Amended Complaint. In support of Plaintiffs' motion to seal, Plaintiffs state only that the documents were designated confidential by either Defendant or "third parties," but provide no other reason why any of the information should be sealed. However, "[r]eference to a stipulation or protective order that allows a party to designate

1   certain documents as confidential is not sufficient to establish that a document, or portions thereof,
2   are sealable." Civ. L.R. 79-5(d)(1)(A). Defendant Microsoft has taken no position on Plaintiffs'
3   motion, and has withdrawn its confidentiality designations as to many of Plaintiffs' proposed
4   redactions. *See* ECF No. 63. That information should no longer be redacted. As to the "third
5   parties" Plaintiffs reference, the Court notes that Plaintiffs are obligated to identify the non-parties
6   that designated information or documents as confidential, serve the designating parties, and file
7   proofs of service. *See* Civ. L.R. 79-5(e). Plaintiffs have failed to do so.

8   The Court therefore DENIES without prejudice Plaintiffs' sealing request. Any renewed
9   sealing request shall comply with Civ. L.R. 79-5 and shall be filed within 7 days of this Order.

10  **IT IS SO ORDERED.**

11  Dated: June 8, 2015

12  _____
    LUCY H. KOH
13  United States District Judge

4
Case No.14-cv-04634-LHK
ORDER DENYING MOTION TO SEAL